UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:18-cv-00390-RJC
(CRIMINAL CASE NO. 3:15-cr-00302-RJC-DSC-1)

| | |
|---|---|
| **ANTHONY LEON BOST,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Amended Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 3][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 12].

**I.    BACKGROUND**

On May 17, 2016, Petitioner Anthony Leon Bost ("Petitioner") was charged in a Superseding Bill of Indictment with aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count One); aiding and abetting the brandishing a firearm in furtherance of a crime of violence, that is, the armed bank robbery charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two); felon-in-possession of a firearm in violation 18 U.S.C. § 922(g)(1) (Count Four); Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a) (Count Five); and aiding and abetting the brandishing and discharging of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count Six). [CR Doc. 75:

---

[1] Citations to the record contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-cv-00390-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00302-RJC-DSC-1.

Superseding Bill of Indictment].

The parties reached a plea agreement pursuant to which Petitioner agreed to pleadg guilty to Counts One, Two, and Five as set forth in the Superseding Bill of Indictment and the Government agreed to dismiss Counts Four and Six. [CR Doc. 102: Plea Agreement]. On July 27, 2016, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 102: Entry and Acceptance of Guilty Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 128: PSR]. The probation officer found Petitioner's Criminal History Category to be V and his Total Offense Level (TOL) to be 29, which yielded a guidelines range of 140 to 175 months' imprisonment, followed by a mandatory statutory term of 84 months' imprisonment for Count Two, 18 U.S.C. § 924(c). [Id. at ¶¶ 41, 60, 93-95].

On December 15, 2016, Petitioner was sentenced to a term of imprisonment of 175 months on each of Counts One and Five, to be served concurrently, and a term of imprisonment of 84 months on Count Two, to be served consecutively to the terms imposed on Counts One and Five, for a total term of imprisonment of 259 months. [CR Doc. 151 at 2: Judgment]. Judgment on Petitioner's conviction was entered on December 27, 2016. [Id.]. The Fourth Circuit Court of Appeals affirmed this Court's restitution order and Petitioner's sentence. [CR Doc. 170].

On July 17, 2018, Petitioner filed a two-page Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that "his conviction of 924(c) as to Hobbs Act Robbery should be thrown out" under Johnson v. United States, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). [CV Doc. 1]. Petitioner, however, failed to file the petition under penalty of perjury. [See CV Docs. 1, 2]. On the Court's Order, Petitioner filed an Amended Pro Se Motion to Vacate, on the proper form, signed under penalty of perjury. [CV Docs. 2, 3]. In his amended motion, Petitioner seems to similarly argue that "Hobbs Act conspiracy/residual clause is not a crime of

2

violence and 924(c) can't support that conviction." [CV Doc. 3-1 at 4].  Petitioner also argues that the "Judge erred when he accepted [Petitioner's] plea knowing all the elements of that crime didn't add up or the nature of that offense had not given [Petitioner] real notice." [Id.].  The Court conducted an initial screening of Petitioner's amended motion and ordered the Government to respond.  [CV Doc. 4].  Upon the request of the Government, this matter was stayed due to a lack of appropriations to the U.S. Department of Justice.  [CV Docs. 4, 5].  On February 15, 2019, the Government filed a motion to dismiss Petitioner's amended motion as frivolous.  [CV Doc. 7].  Petitioner has not responded.  The stay in this matter has been lifted [CV Doc. 9] and the matter is ripe for adjudication.

**II.   STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.  DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence."  28 U.S.C. § 2255(a).  The Petitioner argues he is entitled to relief on these grounds because, under Johnson and Dimaya, his § 924(c) conviction on Count Two was imposed in violation of the Constitution and laws of the United States.  [See CV Doc. 3].

3

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). In Dimaya, the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence," 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony, was unconstitutionally vague in violation of due process. 138 S. Ct. 1204.

Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). Recently, in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, a conviction under § 924(c) is valid only if the predicate crime of violence satisfies the force clause.

4

Here, Petitioner misapprehends the predicate crime of violence on which his § 924(c) conviction was based. Petitioner seems to argue that his § 924(c) conviction was predicated on the offense of conspiracy to commit Hobbs Act robbery charged in Count Five of the Superseding Indictment. This is incorrect. Petitioner's conviction on Count Two under § 924(c) was clearly based on the offense of armed bank robbery charged in Count One. The Superseding Indictment, on Count Two, charges as follows:

> On or about November 10, 2015, in Mecklenburg County, within the Western District of North Carolina, the defendants, [Petitioner and Jarrett Terrell Edwards,] aiding and abetting each other and others known to the grand Jury, **during and in relation to a crime of violence, that is, armed bank robbery, a violation of Title 18, United States Code, Sections 2113(a) and (d) as charged in Count One**, for which they may be prosecuted in a court of the United States, did knowingly, and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms.
>
> It is further alleged that one or more said firearms were brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).
>
> All in violation of Title 18, United States Code, Section 924(c), and Title 18, United States Code, Section 2.

[CR Doc. 75 at 2 (emphasis added)]. The Fourth Circuit has held that armed bank robbery, 18 U.S.C. §§ 2113(a), (d), "satisfies the force clause of § 924(c)(3)," and is, therefore, a crime of violence. United States v. McNeal, 818 F.3d 141, 152-52 (4th Cir. 2016). Accordingly, even if Petitioner's amended motion to vacate were not procedurally barred, it is without merit. Furthermore, Petitioner's argument that the Court erred in accepting Petitioner's guilty plea "knowing all the elements of that crime didn't add up" necessarily fails.

The Court will, therefore, grant the Government's motion to dismiss.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Amended Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 3] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 7] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: April 28, 2020

Robert J. Conrad, Jr.
United States District Judge